## GREEN, MOORE & CO., Inc., et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
May 4, 1927.

No. 4881.

**1. Criminal law ⬅329—Burden is on defendant to bring himself within exception in criminal statute (Comp. St. § 10216).**

The burden *held* on defendant to bring himself within an exception in Criminal Code, § 49 (Comp. St. § 10216), as to timber depredations on public lands.

**2. Public lands ⬅11—Notice to foreman of adverse ownership of timber land is notice to sawmill corporation committing timber depredations (Comp. St. § 10216).**

Notice to the woods foreman of a sawmill corporation of adverse ownership of timber land *held* notice to the corporation, within Criminal Code, § 49 (Comp. St. § 10216), relating to timber depredations on public lands.

**3. Criminal law ⬅938(2)—Evidence obtainable from public records held not newly discovered evidence, warranting new trial.**

In prosecution for violating Criminal Code, § 49 (Comp. St. § 10216), as to cutting and removing timber on public land of the United States, it was not error to refuse a new trial for newly discovered evidence, where such evidence was obtained by an examination of public records.

In Error to the District Court of the United States for the Western District of Louisiana; Louis H. Burns, Judge.

Criminal prosecution by the United States against Green, Moore & Co., Inc., and others. Judgment of conviction, and defendants bring error. Affirmed.

Charles A. McCoy and Griffin T. Hawkins, both of Lake Charles, La. (McCoy & Moss, of Lake Charles, La., on the brief), for plaintiffs in error.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment, in three counts, against Green, Moore & Co., a corporation, John A. Lowe, and Crawford Doyle, for violations of section 49 of the Criminal Code (Comp. St. § 10216). The first count charges the defendants with cutting, the second count with removing, and the third count with transporting by tramroad, the timber on particularly described public land of the United States.

According to the government's evidence, the corporation defendant was operating a sawmill, and the individual defendants were, respectively, its mill manager and woods foreman. The land on which the timber was growing was a narrow strip, of an average width of 88 yards, and extending along a range line for 2 miles and then at right angles along a section line for 1 mile. It had not been surveyed until 1923. After it was surveyed, one Daniel Laughlin entered it under the homestead laws, but before he had acquired title the defendants built a tramroad on the land, and cut and removed the timber. Laughlin became a witness for the government, and on his direct examination stated that he personally notified Doyle that he was homesteading the land. The trial court sustained objections to questions on cross-examination which sought to elicit from this witness answers to the effect that he had filed a suit for trespass against the corporation defendant, in which he alleged that the land belonged to him.

A newspaper, which contained a news item to the effect that the government owned some lands subject to homestead in the parish in which the land in question is located, was admitted in evidence over the objection and exception of defendants, but only for the purpose of showing the fact of publication, and not for the purpose of showing that defendants had knowledge of that fact. The bill of exceptions also discloses that objections to certain questions on behalf of the prosecution were overruled, and that objections to other questions asked by defendants were sustained; but it does not go further, and disclose what evidence was brought out by the government, or what evidence defendants would have elicited, except for the rulings of the court. In this state of the record, it is impossible to say that defendants suffered any injury by reason of the rulings upon these matters.

Exceptions were taken to several charges, given at the government's request, which in substance were as follows: (1) Notice to a corporation must be given through some person, and need not be given to an officer of the corporation, but notice to an agent, such as the head of a grading crew, woods foreman, or mill manager, is notice to the corporation; (2) it was not necessary to prove to an absolute certainty that defendants positively knew of the existence of the survey, but it was sufficient if the testimony showed with reasonable certainty that they had knowledge enough of the survey to put them on inquiry; (3) defendants could not rely upon their supposed written title alone, if they had other knowledge of conflicting claims; and (4) the government was not required to record its title

locally, and was not bound by supposed conflicting titles.

There was a general verdict of guilty, and the court imposed a sentence that was not greater than the statute authorizes to be imposed under the second count in the indictment. The sentence was imposed immediately after the verdict was returned. In response to a request of counsel for defendants for time to prepare and submit a motion for a new trial, the court stated that time would be given, but that the motion would be considered as overruled. However, a motion for new trial was filed and overruled about a month later. One of the grounds for a new trial was that of newly discovered evidence; it being claimed that defendants, upon an examination of the land records, had discovered new evidence which tended to show that the strip of land in controversy had been surveyed many years ago, and that the government had parted with its title to it.

[1] The assignments of error are leveled at the first and third counts of the indictment, the rulings on the evidence, the charges of the court as above stated, and the refusal to consider and grant the motion for new trial. No attack is made upon the second count of the indictment. As the verdict was general, and was not in excess of the sentence which could properly be imposed under that count, it becomes unnecessary to consider whether the first and third counts are good. It was suggested in argument that each count should have negatived the idea that defendants were included within the classes, such as miners and agriculturists, that are excepted from the penal provisions of the statute. But it is well settled that the burden was upon defendants of bringing themselves within the exception. McKelvey v. United States, 260 U. S. 353, 43 S. Ct. 132, 67 L. Ed. 301. It was proper for defendants to prove that the witness Laughlin had brought a suit against the corporation defendant, in order to show his interest; but the error was harmless, since the interest of that defendant was undisputed, as clearly appeared from other evidence in the case. That witness testified that he claimed the land as his homestead. That it was alleged in his civil suit that the land belonged to him would hardly have been sufficient to constitute a contradiction of his testimony.

[2] Whether defendants acquired knowledge from the newspaper item that the land in question was subject to homestead becomes immaterial, in view of the undisputed fact that actual notice was given by Laughlin, the homesteader, to Doyle, woods foreman of the corporation defendant. There was no error in the charge of the court that such notice would be notice to the corporation.

The criticisms of the other charges are without substance. It is, of course, true that it is an abuse of discretion for a trial court to refuse to consider a motion for new trial; but in this case, although the District Judge stated that the motion would be considered as overruled, and proceeded to pass sentence before it was made, it appears, not only that a motion was subsequently made, but that it was actually considered. It is not contended that the evidence was insufficient to support the verdict, but only that the court erred in its rulings upon the admission and rejection of evidence, and its instructions to the jury. Under the circumstances, we are of opinion that any error that resulted was harmless.

[3] It clearly was not error to overrule the ground of the motion which relied upon newly discovered evidence obtained by an examination of public records, as defendants could have made that discovery before as well as after the trial by the exercise of due diligence.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.