## UNITED STATES v. SARRO.
### No. 36586.

District Court, E. D. New York.
Jan. 29, 1936.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Albert Lyons, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis J. Castellano, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

This is a motion to set aside the verdict and dismiss the indictment.

The defendant was convicted of possessing untaxed liquor, a violation of section 201 of title 2 of the Liquor Taxing Act of 1934 (26 U.S.C.A. § 1152a) which is as follows:

"Section 201. No person shall (except as provided in section 202 [section 1152b]) transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits. The pro-

visions of this title [this section and sections 1152b to 1152g] shall not apply to—

"(a) Distilled spirits placed in a container for immediate consumption on the premises or for preparation for such consumption;

"(b) Distilled spirits in bond or in customs custody;

"(c) Distilled spirits in immediate containers required to be stamped under existing law;

"(d) Distilled spirits in actual process of rectification, blending, or bottling, or in actual use in processes of manufacture;

"(e) Distilled spirits on which no internal-revenue tax is required to be paid;

"(f) Distilled spirits not intended for sale or for use in the manufacture or production of any article intended for sale; or

"(g) Any regularly established common carrier receiving, transporting, delivering, or holding for transportation or delivery distilled spirits in the ordinary course of its business as a common carrier."

Defendant claims that the indictment is insufficient and does not set forth a crime in that it failed to negative exceptions "a" to "g" inclusive, set forth in the statute.

The material portion of the indictment is as follows: That "the defendant, on or about the 3rd day of December, 1935, at premises No. 114 Wall Avenue, Inwood, County of Nassau, State and Eastern District of New York and within the jurisdiction of this Court, did then and there unlawfully, wilfully and knowingly possess a certain quantity of distilled spirits in immediate containers on which there was affixed no stamp denoting the quantity of such distilled spirits nor evidencing payment of the Internal Revenue taxes imposed on such spirits, contrary to section 201, title 2 of the Liquor Taxing Act of 1934 (title 26, United States Code, § 1152a [26 U.S.C.A. § 1152a]), all of which was against the peace and dignity of the United States and contrary to the form of the statute in such case made and provided."

The indictment apprises the defendant of the crime charged. The government is not called upon to negative exceptions "a" to "g" inclusive; it need not prove negative allegations. The burden is upon a defendant to bring himself within the exceptions. McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; Green, Moore & Co., Inc., et al. v. United States (C.C.A.) 19 F.(2d) 130; Merritt v. United States (C.C.A.) 264 F. 870.

Motion denied.

Settle order on notice.