## UNITED STATES v. ONE OLDSMOBILE SEDAN.

### No. 13003.

District Court, D. Oregon.

March 28, 1938.

Manley B. Strayer, Asst. U. S. Atty., of Portland, Or.

D. P. Price and Joe P. Price, both of Portland, Or., for respondent.

**McCOLLOCH, District Judge.**

The question for decision arises on exceptions to the Government's libel of information for forfeiture of an Oldsmobile sedan in which the libel alleges that three ounces of smoking opium were concealed and transported within the United States on the 4th day of November, 1937. Six days thereafter the automobile was seized by a Government officer. The question is, whether a vehicle, not then being used as means of conveyance for articles, which had been smuggled into the United States, but which had previously been used for the transportation of such articles, may be seized and forfeited. The Government contends that the forfeiture was automatic, and that title passed to the United States at the time of the offense, while the defense claims that seizure may be made and forfeiture follows, only when smuggled articles are found in the car at the time of seizure.

I have been furnished with a copy of a letter under date January 24th of this year by the Honorable Brien McMahon, Assistant Attorney General, Chief of the Criminal Department of the Department of Justice, setting out the Government's view, that the amendment of August 5, 1935, to section 3062 of the Revised Statutes, 19 U. S.C.A. § 483, was intended to modify the rule laid down in the earlier cases, such as United States v. One Reo Sedan, D.C., 39 F.2d 120, and supporting the Government's contention that a vehicle used as a means of transporting narcotics or other smuggled goods becomes ipso facto forfeited to the United States, and may be seized at any time thereafter, regardless of the guilt or innocence of the owner of the automobile or other vehicle, and regardless of intervening liens or subsequent bona fide ownership, regardless also of the time that may have elapsed between the unlawful transportation and the discovery of the offense and seizure of the automobile.

It was stated at the argument that the narcotics were transported in the automobile sought to be forfeited herein by a guest of the owner and without the owner's knowledge. The owner of the automobile drove an acquaintance from a hotel in the city of Portland to a railroad station in the same town, a distance of a few blocks. The narcotics were concealed on the guest passenger's person and the owner of the automobile had no knowledge of this fact.

Assistant Attorney General McMahon's forceful brief persuades me that the Government's view is correct. While it is true that United States v. One Reo Sedan, cited above, and other early cases, held that seizure might be made and invoked only when smuggled goods were found in the vehicle seized, I take the view that Congress intended to change this rule by the amendment of 1935.

The old section, reads as follows: "Every such vehicle and beast, or either, together with teams or other motive-power used in conveying, drawing, or propelling such vehicle or merchandise, and all other appurtenances, including trunks, envelopes, covers, and all means of concealment, and all the equipage, trappings, and other appurtenances of such beast, team, or vehicle, shall be subject to seizure and forfeiture. If any person who may be driving or conducting, or in charge of any such carriage or vehicle or beast, or any person traveling, shall willfully refuse to stop and allow search and examination to be made as herein provided, when required so to do by any authorized person, he shall be punishable by a fine of not more than one thousand dollars, nor less than fifty dollars." R.S. § 3062.

The amendment reads: "(a) All vessels, with the tackle, apparel, and furniture thereof, and all vehicles, animals, aircraft, and things with the tackle, harness, and equipment thereof, used in, or employed to aid in, or to facilitate by obtaining information or otherwise, the unlading, bringing in, importation, landing, removal, concealment, harboring, or subsequent transportation of any merchandise upon the same or otherwise unlawfully introduced, or attempted to be introduced into the United States, shall be seized and forfeited.

"(b) * * * ." 19 U.S.C.A. § 483.

As pointed out by Assistant Attorney General McMahon, the language of the amended statute is that a vehicle shall be forfeited, not that it "shall be subject to seizure and forfeiture," which was the language of the act before amendment, and it is significant that this section of the statute was amended without reference to the preceding section 3061, R.S., 19 U.S.C.A. § 482.

The earlier cases construed the two sections together, quite properly, it seems to me, in arriving at the conclusion that a vehicle transporting narcotics or other smuggled goods was only subject to forfeiture if, as and when smuggled goods were found therein.

Section 3062, R.S., in original form read: "Every such vehicle * * * shall be subject to seizure and forfeiture," obviously meaning the vehicle referred to in section 3061 in which narcotics or other smuggled goods were found.

When Congress dealt by amendment with section 3062 solely and alone, without regard to the preceding section, and incorporated therein the strong language above quoted, it seems clear that the lawmakers' intention was to invoke a stricter rule thereafter.

Committee reports of both House and Senate, which are quoted in Mr. McMahon's letter, strengthen the view that Congress intended by the amendment to get away from the early decisions which had required actual discovery of contraband at the time of seizure.

The rule seems harsh, but that is a question solely and alone for the legislative branch. The duty of the courts ends with ascertaining legislative intent and enforcing it.

I am informed that this and a pending case in the federal District Court at St. Paul, Minn., are the first cases involving this point that have arisen under the federal forfeiture statute, as thus amended in 1935.

The exceptions to the libel will be overruled.