In re FORD SEDAN, 1937 MODEL, ENGINE NO. 18—3364904, MINNESOTA 1937 LICENSE NO. B65—870.

No. 3941.

District Court, D. Minnesota, Fourth Division.

July 20, 1938.

George A. Heisey, Asst. U. S. Atty., of St. Paul, Minn., for libelant.

Neil Hughes, Samuel J. Kroman, and Don Morgan, all of Minneapolis, Minn., for claimant Virginia Cree.

NORDBYE, District Judge.

The above libel proceeding came before this Court on a stipulation of facts.

The claimant demurred to the agreed statement of facts on the general ground that the same was insufficient to warrant a decree of condemnation and forfeiture on the grounds that (1) the seizure of said automobile on October 11, 1937, at a time when it was not offending against the customs or revenue laws of the United States in any way, was unlawful; (2) that the narcotic officers having failed to seize said automobile on May 12, 1937, the date of the illegal use, thereby waived right of seizure and thereafter could not seize said automobile; (3) that the stipulated and agreed facts do not show to the degree required by law that the heroin hydrochloride figuring in the transactions described ever was introduced into the United States contrary to law; (4) that claimant is the innocent and good faith owner of said automobile and cannot be penalized for and on account of any illegal use to which the said William Hildebrandt may have put the same without her knowledge and consent; (5) that there was insufficient proof that the car ever contained any narcotics or contraband drugs, either on the 12th day of May, 1937, or any other time; and (6) that no proof has been advanced that the alleged contraband was fraudulently concealed in or about the offending vehicle and not upon the person of the offender.

A lengthy recital of the stipulated facts pertaining to the use of the car for the transportation of heroin on May 12, 1937, is not necessary. Suffice it to say that the agreed facts fairly establish that, on the night in question, Hildebrandt was driving the car which is the subject of these proceedings, and by pre-arrangement met one Katz at Seventh and Nicollet in the City of Minneapolis, the latter having agreed to make a delivery of heroin to one of the government agents. The evidentiary circumstances impel the finding that, while Hildebrandt was sitting in the car at Seventh and Nicollet, he handed to Katz a package of heroin, which package did not contain any of the required stamps, and that it was this package that Katz intended to deliver to the government agent who was waiting for his return, but which was not delivered for the reason that he apparently feared apprehension.

The principal question submitted pertains to the right of the Government to proceed herein when the offending automobile was not seized at the time when it was offending against the laws of the United States. The stipulation indicates that, while the offense took place on May 12, 1937, the car was not seized until some time in October of that year. Seizure was not made at the time of the offense for the reason that Hildebrandt was under investigation, and an act of seizure under the circumstances would have disclosed to Hildebrandt the activities of the government agents. However, the reason for the delay is not material if the Government is correct in its contention that the automobile was forfeited to the Government by operation of law at the time that the offense took place.

A very comprehensive brief has been filed with the Court by the United States Attorney setting forth in great detail the difference between the old statute and the amended statute of August 5, 1935, 19 U.S.C.A. § 483, and I am convinced that Congress intended to frame a forfeiture statute that would operate to transfer the title of an offending vehicle to the Government at the time of the offense, regardless of the time of the actual seizure and irrespective of the ownership of the car or the intervention of equities between the offending act and the actual seizure. The words "shall be seized and forfeited," as found in the amended act, were used by Congress advisedly as is disclosed in the Senate Committee report, and undoubtedly were used so as to be within the scope of a long line of decisions that had construed other forfeiture statutes in the manner now contended for by the Government. The question of the right of the narcotic agents to seize the car is immaterial, because the Government has adopted the seizure, and therefore this proceeding is rendered as effective as if the car was seized at the time of the offense by the proper officials. That there was probable cause for the above proceeding is free from doubt. Hildebrandt had been dealing in heroin sold in unstamped packages long prior to May 12, 1937. Heroin is an outlawed drug. The unexplained possession under the circumstances set forth in the stipulation amply sustains this proceeding. No explanation of any kind is proffered by the claimant.

148

■ It is contended that the vehicle did not offend because the evidence indicates that whatever Hildebrandt did pass to Katz came from Hildebrandt's person rather than from some place within the car itself, but manifestly, the contraband was "on", "in" or "about" the automobile, even though the drug may have been concealed in the pocket of the person driving the car. There cannot be any difference in the offense committed by the car, as contemplated by the statute, whether the drug is in the pocket of the car or the pocket of the driver of the car, when it satisfactorily appears that the automobile actually transported the heroin in order to make the delivery, as indicated by the stipulated facts.

■ The claimant's demurrer to the stipulated facts as being insufficient to warrant a decree of condemnation and forfeiture is therefore overruled, and the United States Attorney may present to the Court findings and a decree of forfeiture in accordance herewith. An exception is allowed to the claimant.