## UNITED STATES v. PACIFIC FINANCE CORPORATION.
### No. 260.

Circuit Court of Appeals, Second Circuit.
March 25, 1940.

Samuel Firestone, of New York City, for claimant-appellant.

Earle N. Bishopp, Asst. U. S. Atty., of Brooklyn, N. Y. (John T. Cahill, U. S. Atty., of New York City, on the brief), for the United States.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

CLARK, Circuit Judge.

On August 6, 1938, narcotic agents of the United States seized one Buick sedan automobile, Motor No. 63015894, because it had been used by William Weber in the transportation of narcotics on June 28, 1938. Pacific Finance Corporation protested the seizure of the car, opposed the libel for its forfeiture thereafter brought by the United

States, and now appeals from the decree adjudging forfeiture—all on the ground of its claimed superior title.

From the agreed facts it appeared that Weber bought the automobile in question from one Max Farber on May 25, 1938, giving the seller a purchase money mortgage for the balance due on the car. Farber assigned this mortgage to the claimant. Weber failed to pay an installment of the purchase money, and the car having been placed in Farber's garage for repairs, claimant on July 25, 1938, directed Farber to take possession of it for claimant, in accordance with the terms of the mortgage. The government agents seized the car while Farber was thus holding it for claimant in his garage.

Claimant asserts that under the statute upon which the United States relies, 19 U. S.C.A. § 483, seizure and forfeiture can be had of a vehicle only while it is being used in violation of the statute, and not for an act committed some time in the past and no longer in progress. This was the holding of United States v. One Reo Sedan, D.C.Mass., 39 F.2d 120, in 1930. Compare also The Evelyn Ruth, D.C.Mass., 42 F.2d 458. The decision was in accordance with the requirements of the statute as it then stood. The provision comes from the Act of July 18, 1866, c. 201, § 3, 14 Stat. 178, which became Rev.Stat. §§ 3061, 3062, and 19 U.S.C.A. §§ 482, 483. Section 482 stated conditions under which officers of the United States could stop and search a vehicle, beast, or person on which or whom they suspected was merchandise which they had reasonable cause to believe was subject to duty, or had been unlawfully introduced into the United States; it contained also a provision that if they found such merchandise the officers should seize and secure the same for trial. Section 483 then provided that "Every such vehicle and beast * * * shall be subject to seizure and forfeiture." The reference back made by the words "every such vehicle" made clear the application of the statute only to vehicles subject to search under § 482.

In 1935, however, extensive changes and additions to various of the statutes dealing with seizure and forfeiture of property by the United States were made in the Anti-Smuggling Act, Aug. 5, 1935, c. 438, 49 Stat. 517–529. By this Act, § 483 was considerably extended and was made independent of § 482. There were included in its terms not only vehicles and beasts, but vessels, animals, aircraft, etc., and there were stated substantial penalties for the persons involved in the transportation of merchandise unlawfully introduced into the United States. The portion of the new statute immediately apposite here provides that "All vessels * * * and all vehicles" used in the transportation of such merchandise "shall be seized and forfeited." Since this amendment two district courts have held that forfeiture must be had although the illegal act is no longer in progress. United States v. One Oldsmobile Sedan, D.C.Or., 23 F.Supp. 323; In re Ford Sedan, D.C.Minn., 26 F.Supp. 146.

We think these decisions are correct. Such expanded meaning of the new statute seems clearly to have been intended (as its sponsors indicated, Sen.Rep.No. 1036, pp. 14, 15, and H.R.Rep.No.868 on H. R. 7980, 74th Cong., 1st Sess., p. 10); it is required by the language employed. Thus the statute is brought in line with other provisions for forfeiture by the United States, where it is held that the forfeiture takes effect immediately upon the commission of the illegal act and the later proceedings culminating in the judicial condemnation of the property are only for the purpose of perfecting the title in the United States. United States v. Stowell, 133 U.S. 1, 16, 10 S.Ct. 244, 33 L.Ed. 555; Gelston v. Hoyt, 3 Wheat. 246, 16 U.S. 246, 311, 4 L.Ed. 381; United States v. 1960 Bags of Coffee, 8 Cranch 398, 12 U.S. 398, 3 L.Ed. 602; 51 Harv.L.Rev. 1112. Hence the title of the Pacific Finance Corporation as mortgagee in possession, whether acquired in good faith and before or after the seizure, was completely divested. Goldsmith-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; General Motors Acceptance Corp. v. United States, 286 U.S. 49, 57, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600; cf. Federal Credit Co. v. United States, 5 Cir., 109 F.2d 121; 33 Ill.L.Rev. 233; 22 Va.L.Rev. 576. The forfeiture is considered as directed against the thing itself, not merely the possessor's interest in it; and such divesting of the interest of third persons is held not unconstitutional. Ibid. And even though seizure was made without a warrant or other process, the United States may nevertheless proceed to enforce the forfeiture. United States v. Eight Boxes Containing Various Articles of Miscellaneous Merchandise, 2 Cir., 105 F.2d 896, 899.

Affirmed.