**BIASOTTI v. CLARKE, District Supervisor of Bureau of Narcotics.**

Misc. No. 216.

District Court, D. Rhode Island.

Sept. 2, 1943.

Lawrence A. Flynn, of Pawtucket, R. I., for plaintiff.

Joseph Veneziale, Asst. U. S. Atty., of Providence, R. I., for defendant.

HARTIGAN, District Judge.

The petition in this case alleges in substance that a search warrant was issued by the United States Commissioner on March 30, 1943, against a certain house trailer located on a certain lot in the City of Pawtucket, which at that time was occupied by the petitioner, her husband and child as their home; that the search warrant was executed on said date by officers of the Bureau of Narcotics; that on May 29, 1943, the respondent, acting under color of authority of said search warrant, and the act of May 9, 1939 (undoubtedly the petitioner means the act of Aug. 9, 1939), seized the said house trailer and ejected from their home the petitioner and her family, and that the respondent is in possession of the house trailer to which petitioner claims ownership.

The petitioner alleges the seizure is illegal and violates the Fourth and Fifth Amendments of the United States Constitution and moves that the house trailer be returned to her.

The respondent denies that the seizure was made under color of authority of the search warrant issued by the Commissioner and avers that the seizure was made by virtue of authority vested in him under the act of Aug. 9, 1939, C. 618, sec. 2, 53 Stat. 1291, 49 U.S.C.A. § 782.

The respondent admits the petitioner's allegation that, "at the time said house trailer was seized, your petitioner with her husband and 2½ year old child were living in the same and had been for a long period of time," but avers that the said trailer at the time of the seizure was a vehicle and not a home.

The parties have stipulated that Mabel Biasotti is the owner of the trailer.

She testified that since November 28, 1941, when she purchased the trailer and up to the time of the seizure that she, her husband and child have lived in it and that in May 1943, an operation was performed on her child in it. The trailer was connected with the city water, sewer and electricity.

The petitioner purchased the trailer in Massachusetts. It travelled through many states of this country being hauled by an automobile. It has been located on the same lot in Pawtucket since March 1943.

At the time of the seizure, the trailer was stationary and rested on its four wheels and the front end was supported by blocks. The respondent testified that if these blocks were moved, the trailer would fall because it would be overbalanced. It was equipped with bed arrangements, cooking utensils, chairs, cushions, etc. The respondent also testified "it was a completely equipped house trailer."

The search warrant described the premises to be searched as a "trailer bearing registration No. Georgia 1943 B T 1—148, parked on the property of * * *, said trailer being occupied by Raymond Biasotti, alias John Doe, and his wife Mabel."

The agents seized a quantity of opium and opium smoking equipment.

Raymond Biasotti, husband of the petitioner, plead guilty in this court on June 29, 1943, to an indictment in two counts which charged him with violations of 21 U.S.C.A. § 174, and 26 U.S.C.A. Int.Rev. Code, § 2553(a).

The first count charged Raymond Biasotti with receiving and concealing a narcotic drug, to wit, a five-tael can containing 180 grains of opium prepared for smoking after said drug had been unlawfully imported into the United States, the said Raymond Biasotti knowing the same to have been imported contrary to law.

The second count charged him with the purchase and possession of said opium, said drug not being in the original stamped package at the time of the purchase and possession and the package or packages in which the said drug was found not having affixed thereto tax paid stamps.

Mr. Clarke testified that when he questioned Raymond Biasotti he stated that opium had been in the trailer for five years. Raymond Biasotti did not testify and the testimony of Mr. Clarke in this regard stands uncontradicted.

While the testimony of Mrs. Biasotti disclosed that the trailer was purchased by her on November 28, 1941, she also testified that she had a trailer before that date which she traded in at the time of the purchase of the one involved here. She further testified that she and her husband had gone to Florida and other states with the trailer.

The respondent claims the right to seize the trailer by virtue of 49 U.S.C.A. § 782, which provides: "Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781, or in, upon, or by means of which any violation of section 781 has taken or is taking place, shall be seized and forfeited: * * *."

49 U.S.C.A. § 781 provides:

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.

"(b) As used in this section, the term 'contraband article' means—

"(1) Any narcotic drug which has been or is possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith, or which is sold or offered for sale in violation thereof, or which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations; * * *."

The question for determination by the court may be stated as follows: Is the trailer, under the facts in this case, a "vehicle" as that term is defined by 49 U.S.C.A. § 787(b)?

49 U.S.C.A. § 787(b) provides: "The term 'vehicle' includes every description of carriage or other contrivance used, or capable of being used, as means of transportation on, below, or above the land, but does not include aircraft."

The parties have not called to the attention of the court any reported decision in connection with the seizure and forfeiture of a trailer under the act of Aug. 9, 1939, or similar statutes, and I have found none.

Counsel for the petitioner strongly contends that the trailer was used exclusively as a home and that thousands of people in this country live in trailers and that it is not a "vehicle".

The facts are undisputed that on March 30, 1943, and for a long time prior thereto, the petitioner and her family used the

trailer as a home. It is also a well known fact that many thousands of people in this country live in trailers especially in congested war production areas.

I cannot overlook, however, the testimony that the trailer travelled through many states or the testimony of Mr. Clarke that Raymond Biasotti admitted to him that opium had been in the trailer for five years.

The petitioner has cited Aetna Life Ins. Co. v. Aird, 5 Cir., 108 F.2d 136, 125 A.L.R. 1436, which held that an automobile trailer which was detached from automobile and served all purposes of house, being occupied as residence and office combined, was a "building" within double indemnity clause of life policy insuring the insured against injury by burning of building.

■ That case, however, is distinguishable from the instant case. The court was called upon to decide if the trailer in suit was a building within the purview of an accident policy which contained a double indemnity clause insuring the assured against injury, among other things, "by collapse of the outer walls, or burning of a building, if the insured is therein, at the time of the collapse or commencement of the fire." In the instant case, Congress has defined the term "vehicle" and the court must follow that definition however harsh the result may be.

■ The uncontradicted testimony of Mr. Clarke leads me to the conclusion that the trailer is a "vehicle" as that term is defined by said Section 787(b), because I find it was used to facilitate the transportation, carriage, conveyance, receipt and possession of a contraband article, namely, a narcotic drug—opium—which did not bear appropriate tax-paid internal-revenue stamps as required by law or regulation.

I find no merit to the petitioner's contention that the seizure of the trailer is illegal because in the case of United States v. Pacific Finance Corporation, 2 Cir., 110 F.2d 732, 733, the court said: "The forfeiture is considered as directed against the thing itself, not merely the possessor's interest in it; and such divesting of the interest of third persons is held not unconstitutional. * * * And even though seizure was made without a warrant or other process, the United States may nevertheless proceed to enforce the forfeiture. United States v. Eight Boxes Containing Various Articles of Miscellaneous Merchandise, 2 Cir., 105 F.2d 896, 899." See also United States v. One Oldsmobile Sedan, D. C., 23 F.Supp. 323.

The petition is denied and dismissed.