### 7 FIFTHS OLD GRAND–DAD WHISKEY et al. v. UNITED STATES.
No. 3371.

Circuit Court of Appeals, Tenth Circuit.
Nov. 5, 1946.

Writ of Certiorari Denied March 3, 1947.
See 67 S.Ct. 870.

Hal M. Black and John B. Bryant, of Wichita, Kan., for appellants.

Lester Luther, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS and HUXMAN, Circuit Judges, and CHANDLER, District Judge.

PHILLIPS, Circuit Judge.

The United States instituted this action for the forfeiture of approximately 458 gallons of intoxicating liquor, because of its transportation into the State of Kansas in violation of the provisions of the Liquor Enforcement Act of 1936.[1] The trial court ordered that the liquor be forfeited to the United States, and W. R. Herndon,[2] the Claimant, appealed.

The case was presented on an agreed statement of facts.

On November 9, 1945, Investigators for the United States Alcohol Tax Unit entered the premises of the Claimant and seized the liquor in question, all of which contained more than four per cent of alcohol by volume. The search and seizure was made under the authority of a search warrant issued by a United States Commissioner. At the time of the seizure, the Claimant had a United States Retail Liquor Dealer Special Tax Stamp, which had been purchased about September 1, 1945, but he did not hold a permit allowing transportation of liquor into Kansas, issued by the State of Kansas.

All of the liquor had been distilled and bottled in states other than Kansas, having been bottled at various dates subsequent to August 1, 1943, and prior to November 9, 1945, and all of it bore United States Government liquor stamps and state liquor stamps of the States of Illinois, Nebraska, and Missouri. The liquor had been brought into Kansas from other states subsequent to January 1, 1944, and prior to November 9, 1945, by persons unknown, from whom Claimant purchased it in Sedgwick County, Kansas.

Kansas is a state in which all sales (except for scientific, sacramental, medicinal, and mechanical purposes) of intoxicating

---

[1] 27 U.S.C.A. §§ 221-228.  [2] Hereinafter called the Claimant.

liquor containing more than four per cent of alcohol by volume are prohibited.[3]

The Claimant was not arrested by the United States Officers, and no prosecution is contemplated by the United States Attorney.

The trial court found that the liquor in question was not brought into the State of Kansas for "scientific, sacramental, medicinal, or mechanical purposes," which statement was not included in the agreed statement of facts.

27 U.S.C.A. § 223 provides in part as follows:

"(a) Whoever shall import, bring, or transport any intoxicating liquor into any State in which all sales (except for scientific, sacramental, medicinal, or mechanical purposes) of intoxicating liquor containing more than 4 per centum of alcohol by volume are prohibited, * * * shall: (1) If such liquor is not accompanied by such permit or permits, license or licenses therefor as are now or hereafter required by the laws of such State; * * * be guilty of a misdemeanor * * *.

"(b) In order to determine whether anyone importing, bringing, or transporting intoxicating liquor into any State, * * * is acting in violation of the provisions of this chapter * * * the definition of intoxicating liquor contained in the laws of such State shall be applied, but only to the extent that sales of such intoxicating liquor (except for scientific, sacramental, medicinal, and mechanical purposes) are prohibited in such State. * * *"

27 U.S.C.A. § 224 provides in part as follows:

"All intoxicating liquor involved in any violation of this chapter * * * the containers of such intoxicating liquor, * * * shall be seized and forfeited. * * *"

As grounds for reversal, the Claimant asserts: First, that the trial court went outside the agreed statement of facts in the findings of fact; second, that the court erred in holding that the liquor was subject to forfeiture under the statute, in absence of a showing that the Claimant intended to defraud the United States of a tax at the time of the seizure, or that there was an arrest or conviction of the person bringing the liquor into the state; and, third, that the liquor was not subject to forfeiture to the United States, because, as far as Federal statutes are concerned, the Claimant was in lawful possession of the liquor in the State of Kansas.

It is stipulated that the liquor in question was whiskey, sloe gin, and rum, and, therefore, it could not come within the exceptions of the Kansas statute, which apply only to wine and alcohol.

Further, when a criminal statute sets forth an exception, which exception is not a part of the crime, but operates to prevent an act otherwise included in the statute from being a crime, the burden is on the defendant to bring himself within the exception.[4] Since there was nothing on the face of the stipulation to bring the Claimant within the exception, it was, therefore, inferable that the exception did not apply. Moreover, the facts set forth in the challenged finding were reasonably inferable from the stipulated facts.

This action was not instituted under a revenue statute, but was brought under 27 U.S.C.A. § 223, which makes it an offense to transport liquor into a state where importation of intoxicants is prohib-

---

[3] 1939 S.L.Kansas, c. 179, p. 299, reads in part as follows:

"Section 1. That all importations of intoxicating liquor into this state are hereby prohibited: Provided, That: (1) any regularly ordained minister or * * * priest or rabbi * * * may import, receive and possess *wine* for communion purposes; (2) any person * * * in the wholesale drug business * * * may import, receive and possess *alcohol* * * *, and any registered pharmacist * * * may receive, import and possess *alcohol* * * *. Provided further, That any person * * * privileged to import intoxicating liquor under this act first must apply to the department of inspections and registrations for a permit to import the same * * *." [Italics ours]

[4] Green, Moore and Co., Inc., v. United States, 5 Cir., 19 F.2d 130, 131; Williams v. United States, 78 U.S.App.D.C. 147, 138 F.2d 81, 153 A.L.R. 1213; Taylor v. United States, 8 Cir., 19 F.2d 813, 816.

ited. And there is nothing in that statute, or in § 224, which requires that the liquor be transported into the state with the intent to defraud the United States of a tax. Neither is it necessary to prove that there has been an arrest or conviction of the person bringing the liquor into the State of Kansas. Section 224 applies to all liquor involved in a violation of § 223. In order to require forfeiture, it is only necessary to prove that the liquor was brought into the State of Kansas in violation of § 223, and the violation is shown on the face of the stipulation.

█ The liquor was not lawfully in Claimant's possession at the time of the seizure. Forfeiture occurs at the point and time when the liquor is unlawfully transported across the state line, and title to the liquor passes to the Federal government at that time. The confiscation proceeding, then, dates back to the date of the unlawful entry of the liquor into the state.[5] Claimant's contention that he was lawfully in possession of the liquor is not well founded.

The liquor was subject to forfeiture to the United States.

Affirmed.

---

[5] United States v. One Oldsmobile Sedan, D.C.Or., 23 F.Supp. 323; In re Ford Sedan, 1937 Model, etc., D.C.Minn., 26 F.Supp. 146; United States v. Pacific Finance Corporation, 2 Cir., 110 F.2d 732, 733.