

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 25, 1969

Honorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas 75202

Opinion No. M- 456

Re: Discretion of District
Attorney to refrain
from filing forfeiture
suits under Article 725d,
Penal Code, and whether
proposed alternate pro-
cedures are prohibited.

Dear Mr. Wade:

Your letter requesting an opinion presents the above questions and states that:

"The proposed procedure is proposed to be used only in a fact situation limited to one wherein a motor vehicle has been seized as having been used in the transportation, concealment or possession of contraband narcotics. It is further limited to cases in which it is clearly evident that there exists a registered bona fide lienholder whose interest is greater than the present value of the seized motor vehicle."

You further state generally that your office must handle a multitude of these situations and that filing forfeiture proceedings in court inherently involve expense and delay because of necessary service upon the registered owner, the driver if he is other than the registered owner, and the lienholder; that often all of the parties cannot be located, the proceedings must be delayed, and that service of citation, particularly out-of-state, is expensive; that considerable time is consumed in a hearing even after the case has been

reached on the court calendar; and after such expenditure of time and effort the seized automobile is released to the lienholder.

Pertinent portions of Section 2 of Article 725d, Vernon's Penal Code, read as follows:

"Any . . .vehicle . . .which is being used in violation of Section 1 of this Act shall be seized and forfeited to the Texas Department of Public Safety, Narcotics Section, under the provisions of this Act; . . . and provided further, no. . .vehicle. . .shall be forfeited where it is shown that the illegal act has been committed by some person other than the owner thereof while such . . . vehicle. . .was in the possession of any person who acquired or retained such possession in violation of any law of this State or of the United States."

Section 3 provides for enforcement of the Act and reads:

"Any officer authorized by the provisions of the Acts enumerated in Section 1 of this Act to enforce such acts may seize any vessel, vehicle or aircraft violating the provisions of this Act."

Article 725b, Penal Code, (Narcotic Drug Regulations) is specifically enumerated in Section 1 of Article 725d. Section 22 of Article 725b provides, in part, as follows:

"It is hereby made the duty of the Department of Public Safety, its officers, agents, inspectors, and representatives, and of all peace officers within the State, including all peace officers operating under the jurisdiction of the Department of Public Safety, or that may hereafter operate

under its jurisdiction and <u>all</u> County
Attorneys, <u>District Attorneys</u>, and the
Attorney General to enforce all pro-
visions of this Act, except those
specifically delegated, and to co-
operate with all agencies charged
with the enforcement of the laws of
the United States, of this State, and
of all other States, relating to nar-
cotic drugs.    (Emphasis added)

    ". . ."

Section 4 of Article 725d concerning notice to the
parties provides, in part:

"The seizing officer shall im-
mediately file in the name of the
State of Texas. . .a notice of said
seizure and intended forfeiture. . ."

Subsections (a) and (b) of Section 4 provide for
service of citation, as in other civil cases, upon
the owner of the vehicle and upon any registered lien-
holder.

Subsection (c) provides that if the motor vehicle
to be forfeited is susceptible to registration in this
State and is believed to be registered under the laws
of this State, <u>the officer in charge of filing the for-
feiture suit</u> shall make inquiry to the Highway Depart-
ment as to who is the record owner and who, if any, holds
any lien or liens against such vehicle. <u>The officer in
charge of filing such suit</u> shall cause any lienholder
to be made a party to the suit together with the record
owner if the owner is any person other than the person
in possession of the vehicle when it was seized. Pro-
vision is also made for the Attorney General, District
Attorney and County Attorney, or any of them, to ascertain
the licensee and lienholders if the vehicle is not
registered in this State.

Subsection (d) provides that if a person was in possession of the vehicle when it was seized he shall be made a party defendant in such forfeiture suit and provides for service of citation if no one was in possession of the vehicle at the time it was seized and the owner thereof is unknown.

Subsection (e) provides that no suit instituted pursuant to the Act shall proceed to trial unless all the provisions of subsections (c) and (d) have been complied with.

Sections 6 and 7 of Article 725d read as follows:

"Sec. 6. If it shall appear that the owner of the . . .vehicle. . . has filed a verified answer denying the use of such . . .vehicle. . . in violation of this Act, then the burden shall rest upon the State, represented by the District Attorney to prove as in other penal cases, the violation of the provisions of this Act. Provided, however, that in the event no answer has been filed by the owner of said . . .vehicle. . ., the notice of seizure may be introduced into evidence and shall be prima facie evidence of said violation.

"At the hearing, any claimant of any right, title or interest in the . . . vehicle . . . may prove his lien, mortgage or conditional sales contract, to be bona fide and created without knowledge that the . . .vehicle . . . was to be used in violation of this Act.

"Sec. 7. If proof at the hearing shall disclose that the interest of any bona fide lienholder, mortgagee or conditional vendor is greater than the present value of the . . .vehicle. . ., the court shall order such . . . vehicle . . . released to him. If such interest

is less than the present value, and upon
proof of violation of this Act, the court
shall order the . . .vehicle . . . for-
feited to the State."  (All emphasis added.)

**In view** of the foregoing provisions, and particularly
in light of the duties imposed upon enforcement personnel
and district attorneys by the provisions of Article 725b,
Section 22, it is the opinion of this office that once
a motor vehicle has been seized by an officer for
violation of Article 725d, it is the mandatory duty of
the district attorney to file and prosecute the forfeiture
suit in full accordance with the provisions of that Act.

However, once such a suit has been filed, the district
attorney, in representing the State as lead counsel, has
control over the suit and, under proper motion and hearing
thereon, may discontinue the same upon order of the court.
State ex rel Dishman v. Gary, 163 Tex. 565, 359 S.W.2d
456 (1962).

Your second question presents an alternative to
court proceedings and is "based on a determination in
advance by the district attorney as to whether the parti-
cular facts clearly show a bona fide lienholder whose
interest is greater than the present value of the seized
automobile," which in substance is proposed as follows:

"1.  When the seizing officer has
notified this office of the facts con-
cerning the seizure of an automobile,
the lienholder will be notified.

"2.  If and when the lienholder, by
affidavit and other proof, discloses to
this office facts demonstrating himself
to be a bona fide lienholder, that
his lien is in an amount exceeding
the present value of the seized
automobile, that the record owner
is in default on his obligation
and the lienholder intends to fore-
close his obligation, and that the
lienholder's contract authorizes

him to repossess such automobile and
he requests delivery to him for such
purpose, then, as a matter of law,
under the facts, even court pro-
ceedings could result only in such
car being released to the lienholder.
Under such uncontroverted facts, it
is proposed that this office decline
to file court proceedings, and so
notify the seizing officer and the
lienholder of such action and the
grounds therefor.

"3. If and when the lienholder
prepares and submits to the seizing
officer a sworn statement summarizing
his authority and his desire to re-
possess such seized automobile, and
that if it is released to him for such
purpose, then the lienholder will hold
the city and the seizing officer harm-
less from any suit or liability arising
out of such delivery to him, then such
seized automobile will be released to
such lienholder."

In State v. Cherry, 387 S.W.2d 149, 153 (Tex.Civ.App.
1965, no writ), the court said:

"The right of the State to forfeit
a vehicle used in this vicious illegal
traffic comes into existence instanter
upon the commission of the proscribed
act, and it remains only for the State
to perfect its title by seizing the
vehicle and obtaining the decree of
forfeiture. 7 Fifths of Old Grand-Dad
Whiskey v. United States, 10 Cir.,
158 F.2d 34, cert. den. 330 U.S. 828;
67 S.Ct. 870, 91 L.Ed. 1277. The law
specifies those innocent persons whose
rights may transcend that of the State;
and appellees simply failed to carry
the burden of showing their inclusion
within that favored group."

Article 725d places a duty upon the district attorney to institute forfeiture proceedings concerning a seized vehicle, and prove in the first instance, that the vehicle was being used in violation of this Act. The hearing provides an owner thereof the opportunity to bring himself within forfeiture exceptions and provides a lienholder the opportunity to prove his bona fide lien at the hearing and prove that his interest is greater than the present value of the vehicle. We therefore find, upon the facts presented, that the district attorney has no authority to release a seized vehicle to a lienholder in the absence of forfeiture proceedings and a proper court order.

Moreover, a forfeiture occurs where a person loses some property, right, privilege, or benefit in consequence of having done or omitted to do a certain act. The extra-judicial release of a seized vehicle by a district attorney to a lienholder would deprive the owner of a right in the vehicle when such issues could only be determined in an action for forfeiture and to which the owner and the lienholder are made parties.

Therefore, the procedure proposed by you as an alternative to court action is prohibited.

### SUMMARY

When a motor vehicle has been seized by an officer pursuant to Article 725d, Vernon's Penal Code, it is the mandatory duty of a District Attorney to institute forfeiture proceedings; and, under the facts submitted, a procedure for releasing a seized vehicle to a lienholder by a District Attorney in absence of a proper court order would be prohibited.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Henry Wade, Page 8, (M-456)


Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Lonny F. Zwiener
Z. T. Fortescue
Linward Shivers
Malcolm Quick

Hawthorne Phillips
Executive Assistant

W. V. Geppert
Staff Legal Assistant