## FRUTH et al. v. BENASSI.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

### No. 4216.

1. TRIAL ☞420—MOTION FOR DIRECTED VERDICT—WAIVER.
    A motion to direct a verdict at the close of plaintiff's evidence was waived by defendant by introducing evidence.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. ☞420.]

2. APPEAL AND ERROR ☞242—RESERVATION OF GROUNDS OF REVIEW—NECESSITY OF RULING AND EXCEPTION.
    The sufficiency of the evidence to support the verdict was not reviewable, even though the statement of defendant's counsel at the close of all the evidence that he wished the record to show a formal renewal of a motion for a directed verdict was treated as renewing a motion made at the close of plaintiff's evidence and waived by introducing evidence, where the record showed no ruling by the court on the motion when so renewed or exception thereto.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1417–1425; Dec. Dig. ☞242.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. APPEAL AND ERROR** ☞977—MATTERS REVIEWABLE—MOTION FOR A NEW TRIAL.

In the federal courts, the ruling on a motion for a new trial is not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. ☞977.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Cesira Benassi against George Fruth and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Jesse G. Northcutt, of Denver, Colo. (Charles Hayden, of Walsenburg, Colo., on the brief), for plaintiffs in error.

George Allan Smith and F. W. Sanborn, both of Denver, Colo., for defendant in error.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

CARLAND, Circuit Judge. This is an action to recover damages for the death of Luigi Benassi, alleged to have been caused by the negligence of plaintiffs in error. There was a judgment for defendant in error to reverse which the case has been removed here. The only points discussed in the brief of counsel for plaintiffs in error are:

1. There was no evidence introduced showing negligence on the part of plaintiffs in error.

2. The evidence showed that the defendant in error was guilty of contributory negligence.

3. The evidence showed that the death of Benassi was due to a risk which he had assumed.

4. That the verdict is contrary to the evidence.

[1, 2] An examination of the record, however, does not disclose any ruling made by the trial court reviewable here upon these questions. Counsel for plaintiffs in error at the close of the evidence for plaintiff below, moved for a directed verdict in his favor. This being denied, he introduced evidence, which was a waiver of the motion. At the close of all the evidence, counsel said: "I wish the record to show a formal renewal of our motion for a directed verdict." This is all the record shows on this point. If we shall in a spirit of fairness treat the record as showing the motion renewed, it does not carry us far, as there must have been a ruling and exception thereto in order to review the questions sought to be raised, and in the same spirit of fairness towards the court we cannot treat the record as showing a ruling which, so far as the record shows, was never made.

[3] The ruling on the motion for a new trial is not reviewable here, as we have had occasion to remark many times at each term of this court. In Liebing v. Matthews, 216 Fed. 1, 132 C. C. A. 245, Judge Smith, speaking for this court, said:

"Bearing this in mind, it has been so long settled that the ruling on a motion for a new trial cannot be reviewed in an appellate court as to scarcely require the citation of authorities."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The judge, of course, was speaking of a federal appellate court.

We might treat the errors assigned and not argued as abandoned, but we have considered them and find them without merit.

The judgment below must be affirmed; and it is so ordered.