RYAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1922.)

No. 5842.

1. **Criminal law** ⊚901—Demurrers to evidence waived by subsequently introducing evidence.

Defendants waived their complaint, based on the overruling of their demurrers to the evidence at the close of plaintiff's case, by subsequently introducing evidence in their defense.

2. **Poisons** ⊚9—Refusal to direct acquittal not error.

Where there was substantial evidence that defendants had not registered as dealers, or paid the special taxes required by the Anti-Narcotic Act (Comp. St. § 6287g et seq.), that one of them was a dealer and had sold derivatives of opium and coca leaves, and that the other aided him in making the sales charged in one of the counts, the refusal to instruct the jury to acquit either defendant was not error.

3. **Criminal law** ⊚304(4)—Failure to prove drugs were derivatives of opium or coca leaves not fatal.

On a trial for violating Anti-Narcotic Act, § 1 (Comp. St. § 6287g), the failure to prove that morphine sulphate was a derivative of opium, or that cocaine hydrochloride was a derivative of coca leaves, was not fatal to a conviction.

4. **Criminal law** ⊚1156(1)—Grant or refusal of new trial discretionary, and not reviewable.

The granting or refusal of a motion for new trial is generally discretionary with the trial judge in the federal courts, and his action is not reviewable.

5. **Criminal law** ⊚1038(3), 1056(1)—Errors in charge not reviewable, in absence of exception or request for different charges.

Where alleged errors in the charge were not called to the trial court's attention by requests to charge otherwise, or by exceptions to the charge given, they are not reviewable.

In Error to the District Court of the United States for the Eastern District of Missouri; George B. Faris, Judge.

Harry Ryan and another were convicted of violations of the Anti-Narcotic Act, and they bring error. Affirmed.

⊚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Verne Lacy and Edward A. Raithel, both of St. Louis, Mo., for plaintiffs in error.

Vance J. Higgs, Sp. Asst. Atty. Gen., for the United States.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. The defendants below, Frank Smith and Harry Ryan, were indicted, convicted, and sentenced for selling certain derivatives of opium and coca leaves without having registered with the collector of internal revenue their names and places of business, and without having paid the special tax required of all persons who deal in, dispense, or sell such derivatives, in violation of section 1 of the Anti-Narcotic Act (U. S. Comp. Stat. § 6287g).

There were two counts in the indictment under which they were tried. At the close of the trial the court instructed the jury to find the defendant Ryan not guilty under the first count, that there was no evidence that he ever sold any derivatives of morphine or coca leaves, and that he could be convicted under the second count only on the ground that he willfully aided, abetted, or assisted the defendant Smith in making the sales thereunder. The jury found the defendant Smith guilty under both counts, and the defendant Ryan guilty under the second count, of the indictment.

[1] The defendants claim that the court overruled their demurrers to the evidence at the close of the plaintiff's case; but they subsequently introduced evidence in their defense, and thereby waived that complaint.

[2] They assign error because the court refused to grant their requests at the close of the trial to instruct the jury to return a verdict in their favor; but a perusal of the record has convinced that there was substantial evidence before the jury that the defendants had not registered as dealers or paid the special taxes required by the law, that Smith was a dealer and had sold the derivatives of opium as charged in the first count, and the derivative of opium and of coca leaves as charged in the second count, and that the defendant Ryan had aided him in making the sales charged in the latter count. There was therefore no error in the court's refusal to instruct the jury to acquit either of the defendants.

[3] The contention that the proof was defective in this case, because there was no evidence that morphine sulphate which the defendants were charged with selling in the first count was a derivative of opium, or that cocaine hydrochloride was a derivative of coca leaves, is overruled by the decisions of this court in Hughes v. United States, 253 Fed. 543, 545, 165 C. C. A. 213, 215.

[4] The granting or refusal of a motion for a new trial is generally discretionary with the trial judge in the federal courts, and his action is not reviewable in the appellate courts, and this case falls under no exception to this general rule.

[5] Alleged errors in the charge of the court were not called to its attention by requests to charge otherwise, or by exceptions to the charge given, and are therefore not reviewable. Nor, if they had been,

would the action of the court have been fatal to the verdict against either of the defendants.

There was no substantial error in the trial of these defendants, and the judgments below are affirmed.