## GREENBERG et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 8, 1923.)

No. 5841.

1. **Criminal law ⬅⇒901—Overruling of demurrer to evidence waived by subsequent introduction of evidence.**

Overruling of a motion for directed verdict at the close of the government's case is waived by the introduction of evidence by defendant.

2. **Criminal law ⬅⇒1134(4)—Refusal of new trial not assignable as error.**

Overruling of a motion for new trial is not assignable as error in the federal courts.

3. **Poisons ⬅⇒4—Single sale of narcotic drug by person not registered constitutes offense.**

Under Harrison Anti-Narcotic Act, § 1. as amended (Comp. St. Ann. Supp. 1919, § 6287g). requiring "every person who * * * deals in, dispenses, sells, distributes or gives away" opium, or other narcotic drugs to register, an indictment charging a single sale by a defendant not registered states an offense, under section 9 (section 6287o).

4. **Criminal law ⬅⇒304(1)—Proof that morphine sulphate is a derivative of opium not required.**

That morphine sulphate is a derivative of opium and within Harrison Anti-Narcotic Act. § 1. as amended (Comp. St. Ann. Supp. 1919, § 6287g), is a matter of which notice may be taken without proof.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against Samuel Greenberg and others. Judgment of conviction, and defendants bring error. Affirmed.

Verne Lacy, of St. Louis, Mo. (Edward A. Raithel, of St. Louis, Mo., on the brief), for plaintiffs in error.

Vance J. Higgs, Sp. Asst. Atty. Gen., for the United States.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. Plaintiffs in error were convicted upon an indictment charging them with violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). Numerous errors have been assigned as grounds for the reversal of the judgment of the court below.

Assignments 1, 2, 3, and 4 relate to the admission of testimony. Nowhere in their brief have plaintiffs in error pointed out where in the record the testimony referred to in the above assignments may be found or indicated wherein or how they were prejudiced. These alleged errors will therefore be disregarded. Braden v. United States (C. C. A.) 270 Fed. 441.

Assignments 6 and 8 refer to the second count of the indictment, upon which count plaintiffs in error were acquitted. These assignments, therefore, present nothing for consideration.

Assignments 5 and 7 are practically identical in language, 5 reading as follows:

"The court erred in overruling defendants' instruction at the close of the evidence on the part of the government to instruct the jury on behalf of the defendants, Samuel Greenberg, Israel Kanner, and Morris Kanner, to find them not guilty as to the first count of the indictment."

[1] The record shows that the defendants Israel and Morris Kanner each at the close of all of the evidence filed a demurrer to the evidence challenging its sufficiency. The demurrers were overruled and exceptions taken. The defendant Greenberg did not in any manner challenge the sufficiency of the evidence, except by a demurrer to the evidence at the close of the government's case. The demurrer being overruled, he introduced evidence, and thereby waived the right of review. Fruth v. Benassi, 219 Fed. 549, 135 C. C. A. 317.

Assignment No. 9 recites that the court erred in overruling defendants' motion. We are not advised as to the motion referred to, and must of necessity disregard the assignment.

Assignment No. 10 recites that the court erred in excluding competent, relevant, and material evidence offered by the defendants. Plaintiffs in error have failed to point out in the record the excluded evidence referred to in this assignment, and it will be disregarded for the reasons given above for disregarding assignments 1, 2, 3, and 4.

[2] Assignment 11 is based upon the refusal of the court to grant a new trial. This assignment has not been argued, and presumably is not relied upon because of previous rulings of this court. Hanson v. Cole (C. C. A.) 266 Fed. 67; Yellow Cab Co. v. Earle (C. C. A.) 275 Fed. 928; Simmons Hardware Co. v. Southern Ry. Co. (C. C. A.) 279 Fed. 929.

The twelfth and last assignment of error is that the court erred in overruling defendants' motion in arrest of judgment. The record shows that a motion in arrest of judgment was made by plaintiffs in error, which was overruled by the court, and exception saved.

The only matters presented for review by the record are: (1) Does

the first count of the indictment charge an offense? raised by the motion in arrest of judgment. (2) Was the evidence sufficient to justify the submission of the case to the jury as against the defendants Israel and Morris Kanner? raised by their demurrers to the evidence at the close of the trial.

[3] The objection to the indictment is that, since it charges only one sale, it fails to charge an offense under the statute. It is argued that the words "deal in" and "sell," as used in the statute and in the indictment, are synonymous terms; that a dealer is one who buys to sell again, one whose business it is to buy and sell, one who buys and sells as a business. A single sale, they say, will not constitute the vendor a dealer—citing in support of their contention Goodwin v. Clark, 65 Me. 280; Norris v. Commonwealth, 27 Pa. 496; Overall v. Bezeau, 37 Mich. 506; Archer v. State, 10 Tex. App. 482; Taylor v. Vincent, 12 Lea (Tenn.) 282, 47 Am. Rep. 338; Carter v. State, 44 Ala. 29.

Section 1 of the Anti-Narcotic Act, as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6287g), provides that:

"Every person who * * * deals in, dispenses, sells, distributes, or gives away opium or coca leaves or any compound, manufacture, salt, derivative, or preparation thereof, shall register," etc.

As said by this court in Braden v. United States, supra:

"The law does not say 'carry on the business of.'"

The offense charged was created by the statute. The section of the statute above quoted provides that not only shall every person who deals in, but every person who sells, opium, coca leaves, or their derivatives, shall register and pay the tax specified. Under the statute not only are dealers and merchants prohibited from selling these drugs unless registered, etc., but every person is prohibited from selling— that is from making even a single sale—without having registered and paid the special tax. The objection to the indictment must be overruled.

[4] Under the objection to the sufficiency of the evidence it is urged that the demurrer to the evidence filed at the close of the case should have been sustained, for the reason that there was no showing on the part of the government that morphine sulphate is a derivative of opium, citing in support of this contention Lowe v. Farbwerke-Hoechst Co., 240 Fed. 671, 153 C. C. A. 469. Aside from the fact that the case cited is not in point, the specific question has been decided adversely to the contention of plaintiffs in error by this court in Hughes v. United States, 253 Fed. 543, 165 C. C. A. 213; the court saying:

"We think that is a matter of which notice may be taken. In a sense the question is one of the definition or meaning of words long in common use, about which there is no obscurity, controversy, or dispute, and of which the imperfectly informed can gain complete knowledge by resort to dictionaries within reach of everybody."

The evidence connecting the defendants Israel and Morris Kanner with the sale alleged in the indictment was without question sufficient to take the case to the jury, and their demurrer to the evidence upon this ground was rightly overruled.

It is urged in behalf of the defendant Greenberg that he was induced by a government agent to make the sale alleged in the indictment and shown by the evidence, and that the case should be reversed, at least as to him, for that reason, on the authority of Butts v. United States, 273 Fed. 35, 18 A. L. R. 143, decided by this court. Notwithstanding the lack of any assignment covering this matter, we have carefully read the evidence with this question in view. The evidence was conflicting, the question was submitted to the jury under proper instructions, and it is not within the province of this court, under such circumstances to disturb the finding of the jury or the judgment of the court thereon.

We find no reversible error in the record, and the judgment of the court below is affirmed.