## UNITED STATES v. PERPLIES.
### No. 9449.

Circuit Court of Appeals, Seventh Circuit. Jan. 27, 1948.

John J. Burke and Alfred R. Gandrey, both of Milwaukee, Wis., for appellant.

Timothy T. Cronin, U. S. Atty., and Howard W. Hilgendorf, Asst. U. S. Atty., both of Milwaukee, Wis., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On four counts of an information, the defendant was tried and found guilty of selling beer over the ceiling price, in violation of Maximum Price Regulation No. 259 (9 F.R. 14537) issued pursuant to the Emergency Price Control Act as amended, 50 U.S.C.A.Appendix, §§ 901–946. The District Court sentenced the defendant on all four counts to sixty days' imprisonment and fined him $1,000. From this judgment the defendant has appealed.

The errors assigned and relied upon are the failure properly to instruct the jury and the insufficiency of the evidence to sustain the verdict of the jury.

As to the instructions. The short and complete answer to this assignment is that the defendant did not comply with Rule 30 of the Federal Rules of Criminal Procedure.[1] No exception of any kind was taken to any part of the court's charge or omission to charge. No instructions were requested. Although these rules, so recently promulgated by the Supreme Court and having the effect of law, should be obeyed, we may in our discretion conclude not to apply them. Screws et al. v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330. The reason for the failure to apply these rules is stated by the Supreme Court in United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555, as follows:

[1] "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." 18 U.S.C.A. following Section 687.

"In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."

The substance of this exception was included by the Supreme Court in Rule 52(b) of the Federal Rules of Criminal Procedure.[2] We do not think that the exceptional circumstances are present here, but we shall notice the assignment as if there had been a compliance with Rule 30.

■■■ The defendant asserts that the word "wilful" as used in criminal statutes implies an evil intent or motive, and the court erred in the instant case by not so instructing the jury. We do not agree that in all criminal statutes the word "wilful" must be so construed. The context of the statute in which the word "wilful" is used is often most important. Spies v. United States, 317 U.S. 492, 497, 63 S.Ct. 364, 87 L.Ed. 418. In statutes involving moral turpitude and therefore constituting felonies, the word "wilful" is usually given the meaning contended for by the defendant, but the use of the word "wilful" is without such implication in misdemeanor statutes. Fields v. United States, App.D.C., 164 F.2d 97, 100. In the instant case, the reason or motive for the over-ceiling sale is immaterial as long as the failure to comply with the regulation was intentional and deliberate and not merely by inadvertence or mistake. Kempe v. United States, 8 Cir., 151 F.2d 680, 688; Zimberg et al. v. United States, 1 Cir., 142 F.2d 132, 137.

■■■ Furthermore, in addition to its reference to the information with the allegation of the defendant's wilful selling, the District Court charged the jury as follows: "Of course, if Metrie made the over-ceiling sales without the knowledge of his employer, Perplies, then the defendant Perplies would not be guilty of the offense charged. He would be otherwise, however, if he knew about the over-ceiling prices at which the beer was sold, if you find the facts so to be."

This instruction was not as complete as it might have been, but it is in substantial compliance with the principle above stated that knowingly and deliberately doing the act is the doing thereof wilfully, within the meaning of the statute, since the defendant was on trial for a misdemeanor only. It must be remembered also that no request had been made for more specific or complete instructions.

■■■ As to the sufficiency of the evidence. At the conclusion of the Government's evidence, the defendant made a motion for acquittal. This presents the question as to the sufficiency of the evidence. We have examined the record to ascertain whether the jury's verdict is sustained.

■■■ Let us consider Count One. The defendant was a beer distributor. He employed a truck driver and beer salesman named Metrie, who sold and delivered beer and collected the money therefor. Prior to the occasion in question, Metrie had sold and delivered beer to one Kemetz, a customer of the defendant, and collected the money therefor. On August 27, 1946, Kemetz ordered three half barrels of beer from Metrie. On asking the price, Metrie said it would be $20 a half barrel. One of the defendant's trucks delivered three half barrels of beer to Kemetz at a filling station, not at his place of business. Metrie was there and helped Kemetz load the beer on his truck, and Kemetz then paid Metrie $60 in cash. An Office of Price Administration representative was present at Kemetz' request and witnessed the transaction. He did not testify. He was no longer in the Government employ at the time of the trial. Metrie testified that the defendant had fixed the price of the beer at $20 a half barrel. The ceiling on the beer was $11.14 a half barrel. Metrie testified further that he turned in the ceiling price for the beer at the defendant's office and gave the difference to the defendant. This was in accordance with the defendant's instructions to Metrie.

---

2 18 U.S.C.A. following Section 687.

The foregoing evidence as to Count One was in no way involved with any of the evidence on the other counts. This evidence was amply sufficient to sustain the verdict of guilty on Count One.

Under the statute the court was authorized to impose a sentence on each count of not more than one year's imprisonment or a fine of not to exceed $5,000, or both. 50 U.S.C.A.Appendix, § 925(b). Therefore, the sentence on all four counts which the court imposed in this case was very much less than it was authorized to impose on any one count. Thus, the defendant was not prejudiced, even if there were errors of law committed as to the remaining counts.

The sufficiency of the evidence to support Count One obviates the necessity of our examining the other counts to determine their sufficiency. Abrams et al. v. United States, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173.

We have examined the record and find no prejudicial error, and the judgment of the District Court is affirmed.