715

## UNITED STATES v. WILLIAMS.

### No. 9733.

United States Court of Appeals
Seventh Circuit.

June 2, 1949.

Rehearing Denied Aug. 8, 1949.

Stephen S. Snyder, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Attorney, Joseph E. Tobin, Asst. U. S. Attorney, Chicago, Ill., for appellee.

Before MINTON and DUFFY, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The defendant was convicted on an indictment of two counts. Count One charged an unlawful purchase of a certain quantity of heroin, a derivative of opium, and of a certain quantity of cocaine, a derivative of coca leaves. Count Two charged that the defendant fraudulently and knowingly received, concealed, bought, and facilitated the transportation and concealment after importation of the narcotic drugs referred to in Count One. Count One charges a crime under 26 U.S.C.A. § 2553(a); Count Two, under 21 U.S.C.A. § 174. The date in each count was December 15, 1947, and the venue alleged was Chicago in the Northern District of Illinois, Eastern Division. On the defendant's waiver of a jury trial, the case was tried by the court. The Government successfully proved that the defendant on December 15, 1947, possessed the narcotic drugs named in the indictment at 2358 Indiana Avenue, Chicago, Illinois, and that he had purchased these drugs. At the conclusion of all the evidence, the defendant made a motion for acquittal which was denied. The court found the defendant guilty and sentenced him to a term of five years. From this finding and judgment, the defendant has appealed.

Two points are raised on this appeal. The defendant challenges the Government's proof of the venue alleged in Count One of the indictment, and the validity of 21 U.S.C.A. § 174 as applied to Count Two. No question of venue is raised as to Count Two, and the record discloses no other error in respect to both counts. The judgment of the District Court was made after the defendant was found guilty as charged in the whole indictment. Under the applicable statutes, the court was authorized to impose on Count One a sentence of not more than five years' imprisonment or a fine not to exceed $2,000, or both, 26 U.S.C.A. §

2557(b); and on Count Two, a sentence of not more than ten years' imprisonment and a fine not to exceed $5,000, 21 U.S.C.A. § 174. Therefore, the sentence which the court imposed in this case does not exceed that which might have been imposed under either of the two counts.

■ Where a conviction is based on more than one count of an indictment, and the sentence imposed does not exceed the maximum which might have been imposed under any of the counts, the conviction will be sustained if it is sufficient under any one of the counts. Abrams v. United States, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173; United States v. Perplies, 7 Cir., 165 F.2d 874. No necessity, therefore, exists for examination of the venue question, since we hold that the conviction under Count Two was fully warranted by the proofs and the law.

21 U.S.C.A. § 174 provides:

"If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall, upon conviction, be fined not more than $5,-000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

■ The defendant contends that the Opium Poppy Control Act of 1942, 21 U.S.C.A. § 188 et seq., invalidated the provision in this statute that unexplained possession of the narcotic drugs shall be deemed sufficient to authorize conviction. Whatever the merits of this contention as to a conviction based on possession of opium or its derivatives, it is a sufficient answer that the conviction appealed from is based on the possession of cocaine, a derivative of coca leaves, as well as on the possession of heroin, which is a derivative of opium. Since the Opium Poppy Control Act of 1942 applies by its terms only to opium, it obviously cannot affect this provision as it relates to the possession of cocaine.

The judgment of the District Court is affirmed.