**HENDERSON et al. v. UNITED STATES.**

**No. 14081.**

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1952.

Rehearing Denied Jan. 6, 1953.

Bernard A. Golding, Houston, Tex., for appellant.

K. M. Nolen, Asst. U. S. Atty., and Brian S. Odem, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Appellants and one Burks, who has not appealed, were charged by indictment, in count one with conspiracy to violate the Marihuana Tax Act,[1] and in other counts with the unlawful acquisition and transfer[2] of marihuana.

Tried to the court on a jury waiver and found guilty,[3] appellants are here presenting two grounds for reversal.

One of these is that it was error to permit the United States, for the purpose of establishing the conspiracy charged, to prove statements made to a government agent by Burks two weeks after the defendants had been arrested and the conspiracy had come to an end.

In support of their claim that the admission of these statements was error, appellants invoke the settled rule that declarations of a confederate made after his arrest will not be in furtherance of a common plan,[4] and that the statements of a conspirator made after the conspiracy has ceased to exist are not receivable against a fellow conspirator.[5]

Insisting both that this statement was not legally admissible in evidence and that without it there was no evidence of conspiracy, appellants urge that the judgment and sentence must be reversed, both because of the error in admitting the statement, and because without this statement there was no evidence to support the findings and judgment.

In reply to these contentions, the United States first insists that Burks' statement was admissible against him[6] and, that on the record,[7] the admission of it was not re-

1. Sec. 2557, Title 26 U.S.C.A.

2. Secs. 2593(a) and 2591(a), Title 26 U.S.C.A.

3. Henderson was found guilty on counts 1, 2, 3, 4, and 5, and sentenced on counts 1, 3, and 5, to serve five years; and on counts 2 and 4, to five years suspended for five years, and to pay a fine of $250. Gates was found guilty on counts 1, 2, and 3 and sentenced to serve 30 months and to pay a fine of $30.00.

4. U. S. v. Lonardo, 2 Cir., 67 F.2d 883.

5. Clark v. U. S., 5 Cir., 61 F.2d 409; Krulewitch v. U. S., 336 U.S. 440, 69 S. Ct. 716, 93 L.Ed. 790; Fiswick v. U. S.,

329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; Galatas v. U. S., 8 Cir., 80 F.2d 15.

6. Galatas v. U. S., 8 Cir., 80 F.2d 15; Bartlett v. U. S., 10 Cir., 166 F.2d 920.

7. When the offer was made, Mr. McCullough, counsel for all the defendants, made the following objections:
 "I object to it on the ground that the statement was not reduced to writing, and if there is going to be any oral statement that the man made or may have made two weeks after his arrest, after he was charged, it was made while he was under arrest, and I just don't believe that it is admissible. It is hearsay, it is not a part of the res gestae, and it was made

versible error, no request having been made to limit the admission to Burks.

In further reply, appellee, pointing out: that the case was tried to the court without a jury; the evidence was admitted only as to the first count; and that the sentences imposed were less than might have been imposed under the other counts;[8] insists that if the admission was error, it was not reversible.

To appellants' contention, that there was no evidence to support the conviction, appellee replies by pointing to the failure of appellants to move for an acquittal on the ground of insufficient evidence and to the settled rule that, this not having been done, the court will not consider the sufficiency of the evidence.[9]

In further reply to this contention, appellee points: as to Gates, to the testimony of Jenkins and Jackson that Gates delivered eleven pounds of marihuana to them on Sept. 30, 1951; and, as to Henderson, to their several conversations and transactions with him, as to the purchase and delivery of marihuana by Gates and Burks.

Insisting that the case made by the evidence was ample to support the verdict and that it was for the trial court on the evidence to determine the credibility of the witnesses and resolve the conflicts in the testimony, the appellee urges that no reversible error appears and the judgment must be affirmed.

 We agree with appellee. In Fiswick's case, note 5, supra, on which appellants so strongly rely, in support of the claimed error in admitting Burks' statement, the court charged the jury that each statement was admissible not only against its maker but against the other defendants also. Further, if there was error here, the admission was expressly limited to count one, and the sentences imposed were less than could have been imposed on the other counts.

Having wholly failed to properly make below the points they now seek to make against the proceedings and judgment, that it was error against them to admit Burks' statement, and that the evidence was insufficient to support the verdict and judgment, appellants find themselves confined to maintaining here that the record is so wholly devoid of evidence pointing to guilt that it is plain that justice has miscarried. Recognizing that this is his burden, counsel who represents appellants on their appeal has attempted to sustain it by imparting to his brief and argument a certain grandiosity of approach to, a certain grandiloquence of treatment of, the constitutional principles he invokes, the claimed errors of omission and commission he belabors, and the corrective results he seeks.

Unfortunately, however, the record does not support appellants' claims, that they have been deprived of due process, that, in violation of constitutional principles, they have been unjustly convicted. The story it unfolds, if the witnesses for the United States are to be believed, and the judge did believe them, is a crass and sor-

---

after the man was arrested, and that shows some duress at least might have existed. The man was in jail—I believe he was in jail about that time. Is that right, Mr. Nolen?

"Q. (By Mr. Nolen) Was he in jail? A. No, sir.

"Q. Out on bond? A. Yes, sir, as I understand it.

"Q. At least he was not in custody? A. No, sir.

"The Court: Overrule your objection.

"Mr. McCullough: Note our exception.

"Q. (By Mr. Nolen) Tell us what he had to say about this transaction at that time. A. On Nov. 15, 1951, in the afternoon, on questioning Travis Burks, Burks stated that on the night, late night of Nov. 1, 1951, he received a telephone call from Judson R. Henderson that Henderson wanted him to—

"Mr. McCullough: If the Court please, I am going to object to anything Burks says Henderson said to him. It is hearsay.

"The Court: Well I will let it in under the first count.

"Mr. McCullough: Note our exception, sir."

8. U. S. v. Williams, 7 Cir., 175 F.2d 715; Abrams v. U. S., 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173; Koth v. U. S., 9 Cir., 16 F.2d 59.

9. Molina v. U. S., 5 Cir., 162 F.2d 198.

did one of crimes committed by stealth, intrigue, and chicanery, with Gates and Burks the puppets, and Henderson the mastermind.

No reversible error, no miscarriage of justice, appearing, the judgment is affirmed.